IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |
|---|---|
| KOI GROUP, INC. a Nevada Corporation, Plaintiff, <br><br> v. <br><br> KOI GROUP, L.L.C., a Texas limited liability company; KOI RESTAURANT & BAR, an entity of unknown origin; ENRIQUE VALENZUELA, an individual; XAVIER MONTEMAYOR, an individual. Defendants. | Civil Action No.  B-08-CV-488 |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

KOI GROUP, L.L.C., KOI RESTAURANT & BAR, ENRIQUE VALENZUELA, and XAVIER MONTEMAYOR, (hereinafter collectively referred to as "Defendants"), answer the Complaint for Damages and Injunctive Relief (hereinafter referred to as "Complaint" or "Plaintiff's Complaint") filed in this cause by KOI GROUP, INC. (hereinafter referred to as "Plaintiff"), in the United States District Court for the Southern District of Texas Brownsville Division as follows:

### NATURE OF THE ACTION

1. Defendants can neither admit nor deny the allegations in sentence 1(a) of ¶1 of Plaintiff's Complaint. This sentence contains legal contentions that require no answer. If an answer is required the allegations are denied.

1(b). Defendants deny all of the claims and allegations in sentence 1(b) of ¶ 1 of the Complaint.

1(c). Defendants admit the Plaintiff's assertion in sentence 1(c) of ¶ 1of the Complaint.

**JURISDICTION AND VENUE**

2. Defendants can neither admit nor deny the allegations in ¶'s 2, 3 & 4 of the Complaint. These allegations are legal contentions that require no answer.

**PARTIES**

3. Defendants admit Plaintiff, KOI GROUP, INC., has sued in this action in the capacity it alleges. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in ¶ 5 and, therefore, deny the same.

4. Defendants admit that KOI GROUP, LLC is a Texas limited liability company as alleged in ¶ 6, but they deny that their restaurant has ever been an "Imposter" of anything.

5. Defendants admit that KOI RESTAURANT & BAR is a restaurant doing business in the City of Brownsville, Texas as alleged in ¶ 7, but they deny that their restaurant has ever been an "Imposter" of anything.

6. Defendants admit Defendant Enrique Valenzuela is a resident of Brownsville, Texas, and that he is a co-owner of Defendant KOI RESTAURANT & BAR as alleged in ¶ 8, but deny that Defendant KOI RESTAURANT & BAR has ever been an "Imposter" of anything.

7. Defendants admit that Defendant Xavier Montemayor is a resident of Brownsville, Texas, as alleged in ¶ 9, but deny that Defendant KOI RESTAURANT & BAR has ever been an "Imposter" of anything.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

8. Whether or not "Plaintiff's family of famous and distinctive KOI trademarks, service marks, and trade names . . ." (hereinafter referred to as "Plaintiff's Marks") are legitimately represented by several registered and pending Marks with the United States Patent and Trademark Office ("the Trademark Office") is denied. Further, and pleading in the alternative, both the issue of "fame" as well as the issue of "legitimacy" of the marks and/or registrations are legal questions which depend upon facts not yet established. Accordingly, Defendants are without sufficient information to state whether Plaintiff's Marks are famous or were legitimately obtained and therefore are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10, and therefore, deny the same.

9. Whether or not Plaintiff's Marks "embody the goodwill and repute of the Plaintiff's famous KOI RESTAURANT . . ." (hereinafter referred to as "KOI Beverly Hills") depends upon and presumes facts not yet established, and therefore, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of this allegation. This allegation is therefore denied. Whether or not KOI Beverly Hills is famous is a legal question which depends upon facts not yet established, and, therefore, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of this allegation. This allegation is therefore denied. Defendants admit that according to Plaintiff's website KOI Beverly Hills is "presently operating in multiple international and domestic locations, including Los Angeles, New York, Las Vegas and

Bangkok" as alleged in ¶ 11, which is nowhere near Defendant's geographical area of use or zone of expansion.

      10.    Defendants are presently without sufficient knowledge and information to form a belief about the truthfulness of Plaintiff's allegations in ¶ 12 and, therefore, deny the same.

      11.    Defendants are presently without sufficient knowledge and information to form a belief about the truthfulness of Plaintiff's allegations in ¶ 13 and, therefore, deny the same.

      12.    Defendants are presently without sufficient knowledge and information to form a belief about the truthfulness of Plaintiff's allegations in ¶ 14 and, therefore, deny the same.

      13.    Defendants are presently without sufficient knowledge and information to form a belief about the truthfulness of Plaintiff's allegations in ¶ 15 and, therefore, deny the same.

      14.    Defendants are presently without sufficient knowledge and information to form a belief about the truthfulness of Plaintiff's allegations in ¶ 16 and, therefore, deny the same.

      15.    Defendants are presently without sufficient knowledge and information to form a belief about the truthfulness of Plaintiff's allegations in ¶ 17 and, therefore, deny the same.

      16.    Defendants deny Plaintiff's allegations set forth in ¶ 18 of the Complaint.

      17.    Defendants deny that they began to advertise their KOI restaurant in Brownsville (hereinafter referred to as "KOI Brownsville") only after KOI Beverly Hills

became famous throughout the United States. Whether KOI Brownsville is of such substantially inferior quality to KOI Beverly Hills that Plaintiff's Marks will likely suffer negative associations through Defendants' alleged unauthorized use depends upon facts not yet established, and, therefore, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation. That allegation is therefore denied. Further, whether or not Defendants' goods and services are of such inferior quality to KOI Beverly Hills depends upon facts not yet established, and therefore, Defendants are without sufficient information and/or knowledge to form a belief as to the truth of this allegation. Accordingly, this allegation is denied.

18.     Defendants deny that KOI Brownsville's use of the KOI name is in direct competition with KOI Beverly Hill's for the identical class of goods and services, and distributed through the same channels of trade. Defendants deny that its use of the KOI name or use of the domain name will lead consumers to conclude that KOI Brownsville KOI is exclusively or jointly developed, licensed, or certified by, or is otherwise associated or affiliated with KOI Beverly Hills. Defendants deny that consumers who learn about KOI Brownsville are likely to be misled as to the source, sponsorship and/or affiliation of its goods and services.

19.     Defendants are presently without sufficient knowledge and information to form a belief about the truthfulness of Plaintiff's allegations in sentence 1 of ¶ 20 and, therefore, deny the same. Defendants admit that they continued the operation of KOI Brownsville after being contacted by KOI Beverly Hills' counsel, but deny that their conduct was wrongful. Defendants deny that they have been placed on actual notice of their alleged

violation of Plaintiff's rights, and further deny that they have used the Plaintiff's Mark's extensively, without Plaintiff's authorization and/or consent.

20.     Defendants can neither admit nor deny the allegations in ¶ 22 of the Complaint, because said allegations are legal contentions that require no answer. If an answer is required, however, Defendants deny the allegations in ¶ 22 of the Complaint.

21.     Defendants deny that KOI Beverly Hill's counsel has made any attempts to resolve this dispute amicably. Defendants can neither admit nor deny the remainder of the allegations in ¶ 23 of the Complaint, because said allegations are legal contentions that require no answer. If an answer is required, however, Defendants deny the allegations in ¶ 23 of the Complaint.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT

22.     Defendants neither admit nor deny the allegation in ¶ 24. This is a legal contention that requires no answer. If an answer is required the allegation is denied.

23.     Plaintiff's allegation in ¶ 25 is unintelligible, but to the extent that they accuse Defendants of infringing upon Plaintiff's Mark's Defendants deny any such allegation. Defendants deny the remainder of Plaintiff's allegations in ¶ 25.

24.     Defendants deny Plaintiff's allegations in ¶ 26.

25.     Defendants deny the allegations in ¶ 27.

26.     Defendants deny the allegations in ¶ 28.

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION

27.    Defendants neither admit nor deny the allegations in ¶ 29. This is a legal contention that requires no answer. If an answer is required the allegation is denied.

28.    Defendants deny the allegation in ¶ 30.

## THIRD CLAIM
## FEDERAL DILUTION OF FAMOUS MARK

29.    Defendants neither admit nor deny the allegations in ¶ 31. This is a legal contention that requires no answer. If an answer is required the allegation is denied.

30.    Defendants deny the allegations in ¶ 32.

31.    Defendants deny the allegations in ¶ 33.

32.    Defendants  deny the allegations in ¶ 34.

33.    Defendants deny the allegations in ¶ 35.

## FOURTH CLAIM
## TRADEMARK DILUTION UNDER TEXAS LAW

34.    Defendants neither admit nor deny the allegation in ¶ 36. This is a legal contention that requires no answer. If an answer is required the allegation is denied.

35.    Defendants deny the allegations in ¶ 37.

36.    Defendants deny the allegation in ¶ 38.

37.    Defendants deny the allegations in ¶ 39.

38.    Defendants neither admit nor deny that "Intel has no adequate remedy at law for Imposter Koi's dilution" as alleged in ¶ 40. Defendants are unaware of what interest Intel holds in the present case and as such the allegation is denied. Alternatively, the allegation may have been erroneously "cut and pasted" from the body of another

complaint and, as such, is inapplicable to this case. Defendants deny the remaining allegations in ¶ 40.

39.     Defendants deny the allegations in ¶ 41.

**FIFTH CLAIM**
**COMMON LAW PASSING OFF, INFRINGEMENT AND LAW UNFAIR**
**COMPETITION**

40.     Defendants neither admit nor deny the allegation in ¶ 42. This is a legal contention that requires no answer. If an answer is required the allegation is denied.

41.     Defendants deny the allegations in ¶ 43.

42.     Defendants deny the allegations in ¶ 44. .

43.     Defendants deny the allegations in ¶ 45. .

44.     Defendants deny the allegations in ¶ 46.

**SIXTH CLAIM**

45.     Defendants neither admit nor deny the allegation in ¶ 47. This is a legal contention that requires no answer. If an answer is required the allegation is denied.

46.     Defendants deny that Plaintiff is the valid owner and licensor "of the famous KOI Marks". Further, whether Plaintiff's Marks satisfy the fame requirement is a legal determination that depends upon facts not yet established, and, therefore, is denied. Further, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff is the valid owner and licensor of "several famous service marks associated with its restaurant KOI Restaurant" and, therefore, they deny the same. Defendants deny the remaining allegations in ¶ 48.

47.     Defendants deny the allegations in ¶ 49.

48.     Defendants deny the allegations in ¶ 50.

49. Defendants deny the allegations in ¶ 51.

50. Defendants deny the allegations in ¶ 52.

## SEVENTH CLAIM
## ACCOUNTING

51. Defendants neither admit nor deny the allegation in ¶ 53. This is a legal contention that requires no answer. If an answer is required the allegation is denied.

52. Defendants deny the allegations in ¶ 54.

53, Defendants deny the allegations in ¶ 55.

54. Defendants deny the allegations in ¶ 56. .

55. Defendants deny that any profits are owed to Plaintiff. Defendants deny the remainder of the allegation in ¶ 57.

## PRAYER FOR JUDGMENT

56. Defendants deny that Plaintiff is entitled to their claims for relief contain in their Prayer for Judgment. Defendants deny that Plaintiff is entitled to the relief and/or allegations in ¶ 58.

57. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 59.

58. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 60.

59. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 61.

60. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 62.

61. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 63.

62. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 64.

63. Defendants deny that any "prior Consent Decree between the parties . . ."exists as alleged by Plaintiff in ¶ 65. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 65.

64. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 66.

65. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 67.

66. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 68.

67. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 69.

68. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 70.

69. Defendants deny that Plaintiff is entitled to their claims for the relief in ¶ 71.

70. Defendants neither admit nor deny the allegation in ¶ 72. This is a legal contention that requires no answer. If an answer is required the allegation is denied.

71. Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

72. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff's claims are barred, in whole or in part, to the extent that the jury finds that Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

73. For further answer, if such be necessary, and pleading in the alternative, Defendants further specifically deny that they are liable for prejudgment interest in this cause of action as pled by Plaintiff, in a good faith argument for the modification or reversal of existing law.

74. For further answer, if such be necessary, and pleading in the alternative, Defendants further assert that Plaintiff's claims for punitive, exemplary, or enhanced damages and/or any judgment for same are unenforceable due to the following:

1. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature, and Plaintiffs

should therefore be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiffs to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of America and the State of Texas.

2. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provision of the Constitutions of the United States of America and the State of Texas.

3. On their face and as applied to the facts of this case, under Texas law the measure of damages is so vague and ambiguous that the bases of such damages cannot clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an ex post facto law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

4. On their face and as applied to the facts of this case, punitive, exemplary and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same Constitution.

5. On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Defendant in violation of the Fourteenth Amendment due process clause of the Constitution of the United State of America. *State Farm Vutual Auto Ins. Co. V. Campbell*, 123 Sup. Ct. 1513 (2003).

75.     For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff's trademark registrations are invalid given that the term KOI translates into "carp" a fish that is eaten in Japanese cuisine and seafood dishes. The mark is primarily merely descriptive of a type of seafood used in sushi, Japanese cuisine and general seafood cuisine, and if it is not used in the Plaintiff's restaurants then it is deceptive and/or deceptively misdescriptive. Accordingly, the resulting registrations were obtained by committing a fraud upon the United States Patent and Trademark Office ("USPTO").

76. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff's Marks are not inherently distinctive nor have they acquired any secondary meaning, and therefore are not entitled to trademark protection.

77. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff has no remedy under federal or state law as it has no plans to expand into the Brownsville area.

78. For further answer, if such be necessary, and pleading in the alternative, Defendants further allege that Plaintiff is not entitled to trademark protection within Defendant's geographic market as the federal registrations are invalid and the Defendant has permanent local use rights to the Mark.

79. For further answer, if such be necessary, and pleading in the alternative, Defendants further allege that Plaintiff's trademark registrations remain contestable based upon issues of descriptiveness and are contestable ad infinitum with respect to their fraudulent procurement, deceptiveness and/or deceptive descriptiveness.

80. For further answer, if such be necessary, and pleading in the alternative, Defendants further allege that there is no possibility of consumer confusion between Plaintiff's goods and services and Defendants' goods and services.

81. For further answer, if such be necessary, and pleading in the alternative, Defendants further allege Plaintiff's Marks are not famous.

82. For further answer, if such be necessary, and pleading in the alternative, Defendants further allege that none of the actions complained of by Plaintiffs were made in bad faith, but rather Defendants at all relevant times acted in good faith.

83. For further answer, if such be necessary, and pleading in the alternative, Defendants further alleges that Plaintiff has unclean hands by obtaining several trademark registrations by fraudulent means.

84. For further answer, if such be necessary, and pleading in the alternative, Defendants further allege the doctrine of laches.

85. For further answer, if such be necessary, and pleading in the alternative, Defendants further allege fair use of the Marks alleged.

86. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that two of the trademarks Plaintiff is basing his suit upon, U.S. Registration Nos. 2,976,272 (clothing) and 2,970,473 (sake beverages), have no bearing on the present dispute as they are registered for goods that travel in unrelated channels of trade to the Defendants' restaurant.

87. For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that one of the trademarks Plaintiff is basing his suit upon, U.S. Registration No. 2, 946, 808 is for a logo standing alone that is totally dissimilar to the mark used by the Defendants.

88. Discovery in this case has not commenced and Defendants continue to investigate the allegations set forth in the Complaint. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceeding in this case, and hereby reserves the right to amend its Answer and Counterclaim and assert any such defenses.

## COUNTERCLAIMS

89. Now Come Defendants and Counterclaim Plaintiffs (hereinafter referred to as "Defendants"), and pursuant to Rules 8 and 13 of the Federal Rules of Civil Procedure, hereby incorporate their foregoing responses to the Complaint and further allege their Counterclaims against Plaintiff and Counterclaim Defendant (hereinafter referred to as "Plaintiff") as follows:

90. Defendants bring these Counterclaims to seek a cancellation of Plaintiff's Marks, a declaration of rights with respect to federal and state trademark laws.

## THE PARTIES

91. Defendant KOI GROUP, LLC, is a Texas limited liability company, and at all relevant times, has been a restaurant doing business in the City of Brownsville, Texas ("KOI Brownsville").

92. KOI RESTAURANT & BAR is and at all relevant times was a restaurant doing business in the City of Brownsville, Texas ("KOI Brownsville").

93. Defendant ENRIQUE VALENZUELA is an individual residing in the Brownsville, Texas, and at all times relevant was a co-owner of KOI Brownsville.

94. Defendant G. XAVIER MONTEMAYOR is an individual residing in the Brownsville, Texas, and at all times relevant was a co-owner of KOI Brownsville.

95. Plaintiff KOI GROUP, INC. is a Nevada Corporation which has its principal place of business at 3565 Las Vegas Blvd., South # 311, Las Vegas, NV 89109. Plaintiff is the owner of the fraudulently-obtained KOI Marks ("Plaintiff's Marks") and the alleged owner of KOI-related domain names.

14

96.     The Court has subject matter jurisdiction over these Counterclaims pursuant to 28

U.S.C. § 1331, 1338, 1367 and 2201; 15 U.S.C. §§ 1064, 1120

97.     Venue is proper in this District as to these Counterclaims pursuant to 28 U.S.C. §

1391, and Federal Rule of Civil Procedure 13.

## FRAUD

98.     On November 24, 2008, Plaintiff filed its Complaint alleging that Defendants: [1]

had infringed upon Plaintiff's "family of trademarks" ("Plaintiff's Marks"); [2] had

falsely passed off its goods and services and falsely advertised the same; [3] diluted its

trademarks; and [4] engaged in unfair competition with respect to Plaintiff's Marks. *See*

*Pl's Orig. Comp.*, at 1.   To that end, Plaintiff listed and attached printouts from the

United States Patent and Trademark Office (" USPTO") to its Complaint identifying

those trademark registration numbers that it contends Defendants violated. *See Id.*, Ex. A.

In particular, Plaintiff listed: i) KOI RESTAURANT, U.S. Registration No. 2,950,303

(restaurant services featuring Japanese-inspired cuisine with California accents); ii) KOI

design logo, U.S. Registration No. 2,946,808 (restaurant services featuring Japanese-

inspired cuisine with California accents); iii) KOI RESTAURANT & LOUNGE, U. S.

Registration No. 2,961,393 (restaurant services ) featuring Japanese-inspired cuisine with

California accents, iv) KOI design logo, 2976,272 (clothing sold or distributed in

connection with a restaurant); and v) KOI U.S. Registration Number 2,970,473 (sake

beverages). *See Id.*, at 3.

99.     Upon examination of both the documents attached to the Complaint, as well as of

those submitted by Plaintiff to the USPTO, however, it is clear that Plaintiff's committed

fraud upon the USPTO by willfully and materially misrepresenting the nature of the mark

KOI, the meaning of the mark KOI and the relevance of the mark KOI within the

culinary field of Japanese cuisine. During the process of applying for and securing its

Federal trademark registrations, the USPTO specifically asked Plaintiff about the

translation as well as the contextual meaning of the mark KOI. (*See Official Office Action*

*from Trademark Examining Attorney/Attorney Advisor to the Trademark Office Ms.*

*Jennifer Martin requiring information as to the meaning and significance of the term*

*KOI for Application Serial No. 78/321257, which eventually matured into U.S.*

*Registration No. 2961393*, dated May 18, 2004, attached hereto as Exhibit "A"). With

regard to the USPTO's requirement for information regarding the meaning and

significance of the term KOI, the Plaintiff filed a Response to Office Action on July 23,

2004 supported by a signed Declaration averring to the truthfulness of the assertions

pursuant to 18 U.S.C. §1001. The relevant portion of the Response reads:

> The Examining Attorney has further requested that the Applicant indicate whether
> KOI has any significant meaning in the relevant trade or industry, or as applied to
> the goods or services. In addition, the Examining Attorney has requested that the
> Applicant indicate whether its services feature koi. 37 C.F.R. § 2.61(b).
> **Applicant responds to this request by indicating that the mark KOI as
> applied to the services indicated in the instant application does not have any
> significant meaning in the relevant trade or industry, nor is the mark meant
> to invoke any meaning in a foreign language.** Moreover, the Applicant's
> services do not feature koi. The mark KOI is arbitrary and fanciful and has no
> inherent meaning in relation to the Applicant's services. (*Emph. Added*)

(*See Pl.'s Resp to Off. Action*, dated 7/23/04, attached hereto as Exhibit "B"). A formal

requirement for information was again issued by the USPTO in Office Actions pertaining

to Application Serial Nos. 78/321234 and 78/455297. Once again, the Plaintiff filed

Responses containing mistruths supported by Declarations under 18 U.S.C. §1001. The

false assertions resulted in the issuance of U.S. Registration Nos. 2,950,303, and 2,976,272. Furthermore, in the Response to Office Action filed for Application Serial No. 78/455297 (U.S. Registration No. 2,976,272), the Plaintiff alleged: "The word 'koi' as applied to Applicant's goods is not intended to refer or relate to fish." The goods at issue were defined as clothing "sold or distributed in connection with *a restaurant*"; a restaurant that according to Plaintiff's Complaint, as well as in the resulting companion registrations, is centered on Japanese cuisine, especially seafood and sushi. *See Pl.'s Orig. Pet.*, at 4.

100. It is undisputed that the term KOI is a Japanese term that means "carp" in English. (*See inter alia, The Compact Oxford English Dictionary of Current English Third Ed.* 2005 which defines "KOI" as "*a large common Japanese carp*" located at http://www.askoxford.com/concise_oed/koi?view=uk)[1]. Further, carp was and is an ingredient found in "Funa sushi" (of the koi family) and nare-zushi two forms of gourmet sushi served today, and is also an ingredient in many Japanese seafood recipes made in the U.S. and worldwide. Finally, the evidence will show that carp is the main seafood ingredient used in creating the original sushi which originated from the Lake Biwa area of the Shiga Prefecture of Japan.

101. The Doctrine of Foreign Equivalents mandates that the English translation of a foreign term **must** be used to determine issues of descriptiveness pursuant to 15 U.S.C. §1052(e)(1). *See In re Northern Paper Mills*, 64 F.2d 998, 17 USPQ 492 (C.C.P.A. 1933). The test is whether, to those American buyers familiar with the foreign language,

---

[1] The court may take judicial notice of the dictionary definition of the term "KOI". *See In re Northland Aluminum Products, Inc.*, 777 F.2d 1556, 227 USPQ 961 (Fed. Cir. 1985) (BUNDT, a term that designates a type of cake, held generic for ring cake mix); *see also In re Analog Devices Inc.*, 6 USPQ2d 1808 (TTAB 1988), aff'd, 871 F.2d 1097, 10 USPQ2d 1879 (Fed. Cir. 1989).

the word would have a descriptive or generic connotation. *In re Zazzara*, 156 USPQ 348 (TTAB 1967) (PIZZA FRITTE, is the Italian equivalent of "fried buns," which the court found to be incapable of fried dough); *see also In re Oriental Daily News, Inc.*, 230 USPQ 637 (TTAB 1986) (the court held that Chinese characters that translate to be ORIENTAL DAILY NEWS were merely descriptive of newspapers); *In re Geo. A. Hormel & Co.*, 227 USPQ 813 (TTAB 1985) (the Italian word ,SAPORITO, which means "tasty," held merely descriptive based upon the fact that it describes a desirable quality or characteristic of the applicant's dry sausage); *In re Optica International*, 196 USPQ 775 (TTAB 1977) (The court held that the French word for "optic", OPTIQUE, was merely descriptive of eyeglass frames). Accordingly, the Plaintiff's false affirmation to the USPTO that "KOI" has no meaning in a foreign language and no meaning in the relevant trade channel of Japanese cuisine when the opposite is provably true, constituted knowing falsity and directly resulted in the fraudulent procurement of the resulting registrations without a disclaimer of the word KOI or without a showing of acquired distinctiveness of same. In short, the Plaintiff's material misrepresentation of the meaning of the term and its relationship to the relevant trade channel of Japanese cuisine caused the Trademark Office to unknowingly issue federal registrations that were procured by the Plaintiff's willful fraud on the Office.

102. Based on the foregoing, Defendants respectfully request that the Court cancel all of Plaintiff's KOI-related trademark registrations, including but not limited to U.S. Registration Nos. 2,950,303; 2,946,808; 2,961,393; 2,976, 272; and 2,970,473, declare that Defendants have engaged in lawful use and have permanent local use rights to the term KOI as they adopted this mark in good faith under both Federal and State law. The

Defendants further request that the Court award Defendants attorney's fees as well as the costs of the suit, and for any and all further relief to which they may justly be entitled.

## DECEPTIVENESS and DECEPTIVE MISDESCRIPTIVENESS

103. On November 24, 2008, Plaintiff filed its Complaint alleging that Defendants: [1] had infringed upon Plaintiff's "family of trademarks" ("Plaintiff's Marks"); [2] had falsely passed off its goods and services and falsely advertised the same; [3] diluted its trademarks; and [4] engaged in unfair competition with respect to Plaintiff's Marks. *See Pl's Orig. Comp.*, at 1. To that end, Plaintiff listed and attached printouts from the USPTO to its Complaint identifying those trademark registration numbers that it contends Defendants violated. In particular, Plaintiff listed: i) KOI RESTAURANT, U.S. Registration No. 2,950,303 (restaurant services featuring Japanese-inspired cuisine with California accents); ii) KOI design logo, U.S. Registration No. 2,946,808 (restaurant services featuring Japanese-inspired cuisine with California accents); iii) KOI RESTAURANT & LOUNGE, U. S. Registration No. 2,961,393 (restaurant services ) featuring Japanese-inspired cuisine with California accents, iv) KOI design logo, 2976,272 (clothing sold or distributed in connection with a restaurant); and v) KOI U.S. Registration Number 2,970,473 (sake beverages). *Id.*, at 3.

104. Section 2(a) of the Trademark Act, 15 U.S.C. §1052(a), operates as an absolute bar to the registration of any deceptive matter on the Principal Register. *In re Budge Mfg. Co. Inc.,* 857 F.2d 773, 775, 8 USPQ2d 1259, 1260 (Fed. Cir. 1988), aff'g 8 USPQ2d 1790 (TTAB 1987). Deceptively misdescriptive matter

is not registerable without a showing of acquired distinctiveness under Section 2(e) (1) of the Trademark Act, 15 U.S.C. §1052(e) (1). The false advertisement of "koi" in the Plaintiff's trademark along with the likelihood that many Japanese, Japanese/American and/or Japanese-speaking consumers could be misled into dining there relying upon the false belief that narezushi and/or funa sushi and/or other Japanese seafood dishes containing carp are served, operate as a bar to the lawful registration of the subject marks. Had the Plaintiff truthfully informed the USPTO of the meaning and significance of the term KOI, and the fact that its restaurants did not serve KOI dishes the registrations would not have issued.

**105.** Based on the foregoing, Defendants respectfully request that the Court cancel all of Plaintiff's KOI-related trademark registrations, including but not limited to U.S. Registration Nos. 2,950,303; 2,946,808; 2,961,393; 2,976, 272; and 2,970,473, declare that Defendants have engaged in lawful use and have permanent local use rights to the term KOI as they adopted this mark in good faith under both Federal and State law. The Defendants further request that the Court award Defendants attorney's fees as well as the costs of the suit, and for any and all further relief to which they may justly be entitled.

### PRAYER

WHEREFORE, Defendants pray that Plaintiff take nothing on their claims as to these Defendants, that the Court cancel all of Plaintiff's KOI-related trademark registrations, including but not limited to U.S. Registration Nos. 2,950,303; 2,946,808; 2,961,393; 2,976, 272; and 2,970,473, declare that Defendants have engaged in lawful

use and have permanent local use rights to the term KOI as they adopted this mark in good faith under both Federal and State law. The Defendants further request that the Court award Defendants attorney's fees as well as the costs of the suit, and for any and all further relief to which they may justly be entitled.

## DEMAND FOR JURY TRIAL

Defendants respectfully demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues subject to trial.

Respectfully submitted this 5th day of January, 2009.

Respectfully submitted,

**RODRIGUEZ & NICOLAS, L.L.P.**

_/s/_____
Michael Rodriguez
State Bar No. 00791553
Federal ID No. 18759
ATTORNEY-IN-CHARGE

Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal ID No. 26052
R. Patrick Rodriguez
State Bar No. 24002861
Federal ID No. 22949
1200 E. Harrison Street
Brownsville, Texas 78520
(956) 574-9333-Phone
(956) 574-9337-Fax

**ATTORNEYS FOR DEFENDANTS**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of January, 2009 a copy of this foregoing document was served on all known parties through their counsel of record using the ECF service and placed in the United States Mail, first class postage paid and addressed to:

Michael Cohen
Law Office of Michael N. Cohen, PC
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Telephone: (310) 288-4500
Facsimile: (310) 246-9980

_____/s/_____
Michael Rodriguez

# EXHIBIT

# A

Document Description: **Offc Action Outgoing**
Mail / Create Date: **18-May-2004**



# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/321257

**APPLICANT:**          SIKDER HOLDINGS, INC.

**CORRESPONDENT ADDRESS:**
FARHAD NOVIAN
NOVIAN & NOVIAN, LLP
1801 CENTURY PARK EAST, SUITE 1201
LOS ANGELES, CA 90067

**RETURN ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

**MARK:**     KOI RESTAURANT & LOUNGE

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number  78/321257

The assigned examining attorney has reviewed the referenced application and determined the following.

NO CONFLICTING MARKS
The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

IDENTIFICATION OF GOODS
The identification of goods is unacceptable as indefinite because the nature of the goods is unclear and may identify goods and services which are properly classified in more than one International Class. The applicant must amend the identification to specify the common commercial name of the goods and services. If there is no common commercial name, the applicant must describe the product and its intended uses. TMEP §1402.01. The applicant may adopt the following identification, if accurate: TMEP section 804.

Class 29:     Japanese-inspired cuisine with California accents, namely, frozen meals consisting primarily of meat, fish, poultry or vegetables

Class 30:     Japanese-inspired cuisine with California accents, namely, fish sandwiches

Class 43:     Restaurant services featuring Japanese-inspired cuisine with California accents

Please note that, while an application may be amended to clarify or limit the identification, additions to the identification are not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, the applicant may not amend to include any goods or services that are not within the scope of the goods and services recited in the present identification.

MULTIPLE CLASS APPLICATION
If the applicant prosecutes this application as a combined, or multiple-class, application, the applicant must comply with each of the following.

(1)  The applicant must list the goods/services by international class with the classes listed in ascending numerical order. TMEP §1403.01.

(2)  The applicant must submit a filing fee for each international class of goods/services not covered by the fee already paid. 37 C.F.R. §§2.6(a)(1) and 2.86(a); TMEP §§810.01 and 1403.01. Effective January 1, 2003, the fee for filing a trademark application is $335 for each class. This applies to classes added to pending applications as well as to new applications filed on or after that date.

DISCLAIMER
The applicant must insert a disclaimer of RESTAURANT & LOUNGE in the application because it is merely descriptive of the applicant's services. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.08(a)(i).

A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use RESTAURANT & LOUNGE apart from the mark as shown.

A disclaimer does *not* remove the disclaimed matter from the mark. It is simply a statement that the applicant does not claim exclusive rights in the disclaimed wording or design apart from the mark as shown in the drawing.

MEANING
The applicant must indicate whether the wording "KOI" has any significance in the relevant trade or industry or as applied to the goods/services in addition the applicant must specify whether the applicant's goods or services with feature koi. 37 C.F.R. §2.61(b).

RESPONSE TO OFFICE ACTION
No set form is required for response to this Office action. The applicant must respond to each point raised. The applicant should simply set forth the required changes or statements and request that the Office enter them. The applicant must sign the response.

Applicants may now respond formally using the Office's Trademark Electronic Application System

(TEAS) at **http://www.uspto.gov/teas/index.html**. When using TEAS the data the applicant submits is directly uploaded into the Office's database, which reduces the time it takes to process the applicant's response, while also eliminating the possibility of data entry errors by the Office. Applicants are strongly encouraged to use TEAS to respond to office actions.

PLEASE NOTE: Because it delays processing, submission of duplicate papers is discouraged. Unless specifically requested to do so by the Office, parties should not mail follow up copies of documents transmitted electronically or by fax. TMEP 306.04; *Cf. ITC Entertainment Group Ltd. V. Nintendo of America Inc.* 45 USPQ2d 2021 (TTAB 1998).

/Jennifer Martin/
Examining Attorney L.O. 116
(703) 306-7925; (703) 746-8116 (fax)
Jennifer.Martin@uspto.gov

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page.
[required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information:*** *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help:*** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- ***Questions about USPTO programs:*** *Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT

# B

Document Description: E-Mail Incoming
Mail / Create Date: 23-Jul-2004

| | |
|---|---|
| **From:** | Martin, Jennifer (/o=USPTO/ou=USPTO/cn=Recipients/cn=Jennifer.McGarry) |
| **To:** | ECom116 (EX:/O=USPTO/OU=USPTO/CN=RECIPIENTS/CN=ECOM11651C2E22751C2E22751C2E2273FE7B8804951C8 |
| **Subject:** | FW: Response to USPTO Office Action RE: TRADEMARK APPLICATION NO. 78/321257 - KOI RESTAURANT & LOUN |
| **Received:** | 7/23/04 7:38:49 AM |
| **Attachments:** | |

/Jennifer M. Martin/
Jennifer McGarry Martin
United States Patent and Trademark Office
Examining Attorney, L.O. 116
(703) 306-7925; (703) 746-8116 (fax)
Jennifer.Martin@uspto.gov (informal)

-----Original Message-----
From: Vicki Steiner [mailto:vsteiner@novianlaw.com]
Sent: Thursday July 22, 2004 7:19 PM
To: Martin, Jennifer
Subject: Response to USPTO Office Action RE: TRADEMARK APPLICATION NO.
78/321257 - KOI RESTAURANT & LOUNGE

Examining Attorney: Jennifer Martin
Trademark Law Office No. 116
Serial No. 78/321257
Mark: KOI RESTAURANT & LOUNGE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

Mark: KOI RESTAURANT & LOUNGE

Serial No.: 78/321257

Applicant: Sikder Holdings, Inc.

Class: 43

Filed: October 30, 2003
-----------------------------------------

RESPONSE

This is in response to the Office Action mailed on May 18, 2004 in connection with the above-referenced Application. Applicant has carefully reviewed the Examining Attorr
submits the following response.

REMARKS

Applicant notes that the Examining Attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Tradem
U.S.C. § 1052(d). TMEP § 704.02.

IDENTIFICATION OF GOODS

The Examining Attorney has required that the Applicant amend its identification of goods. Pursuant to this request, Applicant requests that the identification of goods in the A
amended to read as follows:

Restaurant services featuring Japanese-inspired cuisine with California accents in International Class 43.

DISCLAIMER

Pursuant to Trademark Act § 6(a), 15 U.S.C. § 1056(a), the Examining Attorney has required the Applicant to insert a disclaimer of the words RESTAURANT & LOUNGE i
on grounds that the wording is unregistrable because they are merely descriptive of the Applicant's services. Applicant therefore requests that the instant application be amend
the following disclaimer:

No claim is made to the exclusive right to use "RESTAURANT & LOUNGE" apart from the mark as shown.

MEANING

The Examining Attorney has further requested that the Applicant indicate whether KOI has any significant meaning in the relevant trade or industry, or as applied to the good
addition, the Examining Attorney has requested that the Applicant indicate whether its services feature koi. 37 C.F.R. § 2.61(b). Applicant responds to this request by indicati
KOI as applied to the services indicated in the instant application does not have any significant meaning in the relevant trade or industry, nor is the mark meant to invoke any
foreign language. Moreover, the Applicant's services do not feature koi. The mark KOI is arbitrary and fanciful and has no inherent meaning in relation to the Applicant's serv

In view of the foregoing, Applicant submits that its Application is in condition for allowance, and requests that it be promptly passed for publication.

Respectfully submitted,

/Vicki Steiner, Esq./
Novian & Novian, LLP
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Ph: (310) 553-1222
Fax: (310) 553-0222

CERTIFICATE OF TRANSMISSION

I, Vicki Steiner, hereby certify that this correspondence is being transmitted by electronic mail to the United States Patent and Trademark Office on the date shown below.

/Vicki Steiner/

Date of Transmission: July 22, 2004

Vicki Steiner, Esq.
Novian & Novian, LLP
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Ph: (310) 553-1222
Fax: (310) 553-0222
**********************************************************************************************************************************

This message is intended solely for the use of the addressee(s) named herein and contains information that is or may be LEGALLY PRIVILEGED, CONFIDENTIAL, PROPR_
NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE. If you are not the intended recipient, an addressee, or the person responsible for delivering thi_
you are hereby notified that reading, using, copying, or distributing any part of this message is strictly prohibited. If you have received this electronic mail message in error, p_
sender immediately and take the steps necessary to delete the message completely from your computer system. Thank you.

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information:** Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.
- **Technical help:** For instructions on how to use TDR, or help in resolving technical glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.
- **Questions about USPTO programs:** Please e-mail USPTO Contact Center (UCC).

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*